JAMES REID AND OTHERS v. SCHOOL DISTRICT NO. 1, ITASCA COUNTY AND OTHERS.[1]

June 2, 1922.

No. 23,042.

**Bond election in common school district.**

    The effect of Laws 1913, chapter 465, relating to the powers of school boards in common school districts having ten or more townships, giving them the powers of independent school districts, is not to make such districts subject to Laws 1915, chapter 111, providing for the elec-

[1]Reported in 188 N. W. 319.

tion of officers and for voting upon the issuance of bonds, and requiring the establishment of precincts, in independent school districts having four or more villages.

Action in the district court for Itasca county to restrain defendants from issuing bonds of defendant school district. From an order, Wright J., discharging an order to show cause why a temporary injunction should not issue restraining defendants from constructing a unit or part of a new high school building in Grand Rapids and from entering into any contract for that purpose and from borrowing money therefor by issuing, selling and disposing of negotiable bonds of the school district, James Reid and others appealed. Affirmed.

*A. B. Dahl* and *E. E. McDonald*, for appellants.

*Alfred L. Thwing*, for respondents.

DIBELL, J.

Action to restrain the defendants from issuing bonds of the defendant school district. The plaintiffs appeal from an order denying their motion for a temporary injunction.

The defendant is an organized common school district in Itasca county. It contains within its boundaries more than 10 congressional townships, and 4 organized villages. The proceedings relative to the issuance of bonds are regular under the statutes pertaining to common school districts. By Laws 1915, p. 143, chapter 111, special provision is made for the creation and establishment of election precincts, the election of school boards, the voting upon the issuance of bonds and on all other matters submitted to vote by ballot, in independent school districts having 4 or more organized villages. This statute was not followed. The plaintiffs claim that it should have been followed because of Laws 1913, p. 674, chapter 465, entitled: "An act relating to the powers and duties of boards in common school districts containing ten, or more, townships." The statute provides: "The school board in a common district containing ten, or more, townships shall have and exercise all powers and be subject to the same laws and regulations as school boards in independent districts."

Stating it again, the claim of the plaintiffs is that this statute puts the defendant district under the 1915 law along with independent school districts having 4 villages and that the election upon the issuance of bonds and the creation of election precincts must be conducted in harmony therewith. We do not so construe it.

The powers of boards of independent school districts are enumerated at one place or another in G. S. 1913, §§ 2746-2757. Their administrative and discretionary powers are more extensive than those of common school districts. To what extent it was intended that 10 township districts should have like powers we do not inquire in advance of actual litigation. It may be noted, however, that in the number of officers, their compensation, and in general organization, independent school districts differ from common school districts. It was not intended by the 1913 act to make the two classes of districts alike. As we construe it its effect was not to put the defendant school district, in respect of elections, the fixing of precincts, and the voting on bonds, under the 1915 act prescribing such matters in independent school districts having four villages.

Order affirmed.